UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RUSSELL C. JAY, | ) |
|       Plaintiff | ) |
| v. | )   1:20-cv-00219-NT |
| MCC WINDHAM, et al., | ) |
|       Defendants | ) |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff asserts a claim based on the conditions of confinement at the Maine Correctional Facility (MCC). At the time Plaintiff commenced this action, he was serving a state court sentence at MCC, but he subsequently completed his sentence and was released.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (Order, ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's amended complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because as of the date of filing he was "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]

---

[1] A litigant's status as a prisoner or non-prisoner, for purposes of a preliminary review under § 1915A, is assessed as of the date the action is filed. *Grant v. IDOC Dir.*, No. 3:15–cv–00428, 2015 WL 2214708, at *1 (S.D. Ill. May 11, 2015) ("[B]ecause Plaintiff was incarcerated when he filed this suit, he meets the

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff was incarcerated as of the date of filing and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

---

statutory definition of "prisoner," and his complaint is subject to a merits review under 28 U.S.C. § 1915A.") (footnote omitted); *Norris v. Baker*, No. 0:15–cv–00020, 2015 WL 1802843, at *1 (E.D. Ky. Apr. 17, 2015) (same); *cf. Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (reversing district court's application of 28 U.S.C. § 1997e(e) because the plaintiff filed suit after his release); *Shirley v. Franklin*, No. 2:08–cv–00741, 2008 WL 2074423, at *1 (D. Ariz. May 15, 2008) (requiring prisoner to pay complete filing fee after his release because he was a prisoner when he filed his complaint and was required under § 1915(b) to pay the filing fee). Even if § 1915A did not apply, § 1915(e) provides for a preliminary review of the amended complaint.

complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND

In his amended complaint, Plaintiff alleges that he and other inmates were not properly distanced in accordance with CDC protocols. (Amended Complaint at 5, ECF No. 9.) Plaintiff also attached to his amended complaint various grievance forms and sick call forms in which forms Plaintiff recites other instances he believes constitute CDC violations and other complaints about the conditions of his confinement, including complaints related to his medical care.

## DISCUSSION

A claim of constitutional harm caused by state actors, as Plaintiff has alleged in this case, is actionable under the Civil Rights Act, 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ….

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Subject to limited exceptions not applicable in this case, the State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009). To the extent Plaintiff asserts his claim against the Department of Corrections, he is requesting relief against the State of Maine that is barred in federal court pursuant to the Eleventh Amendment. Additionally, while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Accordingly, Plaintiff cannot proceed on his claim against the Maine Department of Corrections or the Maine Correctional Center.

Because Plaintiff has not alleged a claim against an individual, I have not assessed whether Plaintiff's allegations would support a claim against an individual or individuals. Before the Court dismisses Plaintiff's amended complaint, therefore, Plaintiff should be afforded the opportunity to amend his complaint further to assert his claim(s) against one or more individuals.[2]

---

[2] Although Plaintiff identified some individuals in the grievance and sick call forms attached to the amended complaint, because Plaintiff did not identify any individuals as defendants in the form amended complaint, it was not apparent that Plaintiff intended to assert a claim against any of the individuals and, if so, the nature of the claim. With an opportunity to amend his pleading, Plaintiff can clarify the nature of his claim(s) and against whom he intends to assert the claim(s).

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's amended complaint unless Plaintiff files an amended pleading asserting an actionable claim against an individual or individuals within 14 days of the date of this Recommended Decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of January, 2021.